People v Baxter (2022 NY Slip Op 02693)

People v Baxter

2022 NY Slip Op 02693

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.

324 KA 21-00477

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DUANE BAXTER, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered March 15, 2021. The judgment convicted defendant, upon a plea of guilty, of aggravated criminal contempt. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of aggravated criminal contempt (Penal Law § 215.52 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (§ 265.03 [3]). The two pleas were entered in a single plea proceeding. In both appeals, defendant contends that his waiver of the right to appeal is invalid and that his sentences are unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid, as the People concede, we perceive no basis in the record to exercise our power to modify the negotiated sentences as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court